**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAO SONG,<br><br>       Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>       Respondent. | No.   19-70509<br><br>Agency No. A099-367-118<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2021**
Pasadena, California

Before: KLEINFELD, WARDLAW, and GOULD, Circuit Judges.

Tao Song, a native and citizen of the People's Republic of China, petitions

for review of a Board of Immigration Appeals (BIA) decision affirming the

Immigration Judge's (IJ) denial of his application for asylum, withholding of

removal, and relief under the Convention Against Torture (CAT).  The BIA

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirmed the Immigration Judge's denial of relief based on Song's failure to provide sufficient corroborative evidence under the REAL ID Act.[1] *See* 8 U.S.C. § 1158(b)(l)(B)(ii). When the Board "agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      We may reverse a BIA finding of insufficient corroboration only when the evidence "*compels* it." *Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009) (emphasis in original) (quoting *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)). The evidence does not compel reversal here.

Pursuant to *Ren v. Holder*, 648 F.3d 1079, 1090 (9th Cir. 2011), the IJ alerted Song to the need for specific corroborative evidence and provided him with multiple extensions over the eleven-year proceeding to obtain the requested documents. Song nonetheless failed to provide any of the requested evidence, such as his Chinese dental records, his mother's medical records or expenses, or his family register. *See id.* (applicant's failure to provide requested evidence weighed against him). Despite years of extensions, Song provided only three pieces of evidence to corroborate his claims: American dental X-rays, which lacked

---

[1] Song did not challenge the IJ's denial of his CAT claim in his appeals to the BIA or this court. That issue is therefore waived. *See McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009)

foundation; illegibly dark photocopies of photos purportedly showing his scars; and a certificate of injury that was meant to corroborate his claim about his mother's workplace injury, but which related to an injury that took place over a decade before Song had testified the relevant injury occurred. The IJ was not obligated to accept these documents as authentic or probative, *see Vatyan v. Mukasey*, 508 F.3d 1179, 1185, 1185 n.4 (9th Cir. 2007); nor do they compel us to reverse the BIA's finding.

2.      We are also not "compelled" to conclude that the requested corroborative evidence was unavailable. *See Shrestha v. Holder*, 590 F.3d 1034, 1047–48 (9th Cir. 2010) ("[W]e reverse an agency's determination concerning the availability of corroborative evidence only if a reasonable trier of fact would be compelled to conclude that such corroborating evidence is unavailable.").

Until 2013, Song contended that his mother had mailed at least some of the requested evidence from China and that the documents had simply failed to reach him due to postal errors. This testimony suggests that the requested evidence was available at the time. *Cf. Shrestha*, 590 F.3d at 1048 (despite "some difficulties" presented, applicant's materials in his parents' possession "were not unreachable"). In 2017, Song provided a host of new reasons for not producing additional corroboration: his mother fell ill in 2014 and therefore could not help him acquire documents, his aunt "couldn't find anything," and he was concerned about asking

3

his friends and family in China to search for documents because "[the government] always suspected that [Song had] connection with the enemies and the spies" and the materials were "just really difficult to get." However, Song had at least six months between the IJ's specific request for corroborative evidence in 2013 and the time his mother reportedly fell ill in which to obtain evidence. *Cf. Ren*, 648 F.3d at 1090 (applicant failed to corroborate claim by not obtaining evidence of his arrest in China within the five-month continuance). Beyond his own testimony, he provided no support for the proposition that the requested documents were prohibitively difficult to find or that his friends or family would be at risk if they sought his records.[2] These explanations do not compel reversal. *See Shrestha*, 590 F.3d at 1047–48 (holding that a family's fear of persecuting Maoists in Nepal was "not sufficient . . . [for] a reasonable trier of fact [to] be *compelled* to conclude that evidence . . . was unavailable.").

**PETITION DENIED.**

---

[2] Indeed, this assertion conflicts with Song's testimony that his mother repeatedly mailed him documents and that his aunt searched for documents at the police station without any apparent governmental backlash.